IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**VICTORIA A. GRIEBEL**
**305 W. McMillan Street**
**Marshfield, WI 54449,**

**Individually and on behalf**
**of all others similarly situated,**

     Plaintiff,

     v.                                                        Case No. 15-cv-507

**MINISTRY SAINT JOSEPH'S HOSPITAL**
**611 St. Joseph Avenue**
**Marshfield, WI 54449**

     **Defendant.**

## COLLECTIVE AND CLASS ACTION COMPLAINT

### INTRODUCTION

1. This is a class and representative action against Defendant Ministry Saint Joseph's Hospital ("Defendant" or "St. Joseph's") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Wisconsin wage law, Wis. Stat. § 109.01, *et seq.*

2. This action alleges that Defendant maintains unlawful policies of not compensating hourly employees for all work performed and not compensating hourly employees for overtime by maintaining policies that, among other things, requiring employees to be "on-duty" or "on-call" during meal and break periods and failing to pay employees for work during those periods.

1

3. Through her class-wide claims, Named Plaintiff Victoria A. Griebel ("Named Plaintiff") seeks compensation for all uncompensated work and other forms of relief including all penalties, liquidated damages, and other damages permitted by law; all other forms of relief permitted by law; and reasonable attorneys' fees and costs.

4. Named Plaintiff and putative class members are similarly situated under Federal Rule of Civil Procedure 23 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), as they suffered identical wage losses under this policy.

## JURISDICTION AND VENUE

5. This court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because Named Plaintiff alleges violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

6. This Court has supplemental jurisdiction over all other claims pursuant to 28 U.S.C. § 1367 because all other such claims arise in and are so related that they form part of the same case or controversy as the aforementioned claims.

7. The Western District of Wisconsin has personal jurisdiction over Defendant because Defendant maintains facilities within the District, performs work in the District, and is subject to jurisdiction within the District.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (d) because Defendant is a corporation subject to personal jurisdiction within the District at the time this action is being commenced.

## PARTIES

9. St. Joseph's is a Wisconsin company with its principal place of business in Marshfield, Wisconsin. St. Joseph's is a medical center affiliated with a community health

system, Ministry Health Care, Inc., which consists of sixteen (16) hospitals, numerous clinics and related services. St. Joseph's has thousands of employees and is an "employer" within the meaning of 29 U.S.C. § 203(d). St. Joseph's registered agent for service is Lori Henley at 11925 W. Lake Park Drive, Suite 100, Milwaukee, WI 53224.

10. St. Joseph's is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. Victoria A. Griebel, the Named Plaintiff, is an adult resident of Marshfield, Wisconsin. Griebel was employed as a registered nurse by Defendant at its location in Marshfield, Wisconsin within the time period prescribed by the applicable statute of limitations.

12. Named Plaintiff brings these claims on behalf of the Wisconsin Unpaid Wage Class and the Collective Class. Griebel's consent form is attached and incorporated as Exhibit A to this complaint.

13. Named Plaintiff brings this action on behalf of herself and on behalf of other similarly situated employees pursuant to 29 U.S.C. § 216(b) (hereafter "the Collective Class"). The Collective Class of similarly situated employees is defined as:

> All persons who have been or are employed by St. Joseph's on an hourly basis at any time three years prior to the commencement of this lawsuit to the present who worked evening, night, and/or weekend shifts, and who were denied minimum wage or overtime wages for hours for compensable "on-call" time and/or hours performing work during unpaid meal periods.

14. Named Plaintiff brings this action on behalf of herself and the Wisconsin Unpaid Wage Class pursuant to Fed. R. Civ. P. 23 (hereafter "Wisconsin Unpaid Wage Class"). The Wisconsin Unpaid Wage Class is defined as:

> All persons who have been or are employed by St. Joseph's on an hourly basis at any time three years prior to the commencement of this lawsuit to the present worked evening, night, and/or weekend shifts, and who were denied minimum

wage or overtime wages for hours for compensable "on-call" time and/or hours performing work during unpaid meal periods.

## COMMON FACTUAL ALLEGATIONS

15. Defendant employs members of the Collective Class and Wisconsin Unpaid Wage Class to perform medical care at their health care facilities. Defendant maintains common policies concerning the wages of its employees and the calculation of hours worked by such employees.

16. Defendant maintains a policy for hourly employees, including members of the Collective Class and Wisconsin Unpaid Wage Class, that requires employees to take a half-an-hour break during every shift as a meal period.

17. Hourly employees with patient care duties (including, but not limited to, Registered Nurses (RN), Certified Nursing Assistants (CNA), paramedics and others), are asked to remain on-call during the unpaid meal period by, inter alia, remaining on the work premises, keeping a phone with them while on break, and remaining close enough to their work area to be available to return to work on short notice.

18. During such unpaid meal periods the affected hourly employees are not free to leave the premises of Defendant (hereafter "on-duty meal periods."). *See* Wis. Admin. Code DWD § 272.04(1)(c).

19. During such unpaid meal periods, the affected hourly employees are required to remain on call on Defendant's premises or so close thereto that they cannot use the time effectively for their own purposes (hereafter "on-call" meal periods). *See* 29 C.F.R. § 785.15, 29 C.F.R. § 785.17.

20. Defendant fails to pay employees for all hours of work performed by its employees, where they fail to pay employees for on-duty meal periods and on call time.

21. During such unpaid meal periods, the affected hourly employees are frequently asked to return to work or to work through the unpaid meal period.

22. Where employees return to work or work during the unpaid meal period, they are not paid upon return to work.

23. Through practices including informal and formal discipline, employees returning to work during the unpaid meal period are discouraged from recording the work performed during the meal period as compensable work.

24. Defendant suffers and permits employees to perform work during the unpaid meal periods, fails to take actions to stop employees from working during such periods, and fails to take actions to accurately record time working during such periods.

25. Work performed during the unpaid meal periods is at the request of the Defendant, is mandatory and is required.

26. Defendant fails to pay employees for all hours of work where it fails to pay affected hourly employees for work actually performed during unpaid meal periods.

## COLLECTIVE ACTION ALLEGATIONS

27. Named Plaintiff brings the First Claim for Relief on her own behalf and on behalf of the Collective Class, as defined in paragraph 13 of the claim, pursuant to Section 16(b) of FLSA, 29 U.S.C. § 216(b).

28. Plaintiff is similarly situated to others in the Collective Class and is subject to Defendant's common practice, policy, or plan of refusing to compensate all hours worked and refusing to pay overtime in violation of the FLSA.

29. The claims of Named Plaintiff are representative of the claims of the opt-in and collective action plaintiffs, in that, such employees are hourly employees, working for Defendant, who have been deprived of wages and overtime by Defendant.

30. The names and addresses of the Collective Action Plaintiffs are available from Defendant, and notice should be provided to the Collective Action Plaintiffs via first class mail to their last known address as soon as possible.

## CLASS ALLEGATIONS

31. Named Plaintiff brings the Second Claim for Relief on her own behalf and on behalf of the Wisconsin Unpaid Wage Class, defined in paragraph 14, supra, pursuant to Rule 23 (a) and (b) of the Federal Rules of Civil Procedure.

32. The persons in the class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, upon information and belief, St. Joseph's has employed between 50 and 100 people who satisfy the definition of the class.

33. There are questions of law and fact common to the Wisconsin Unpaid Wage Class (Rule 23 Class) that predominate over any questions solely affecting individual members of the class, including, but not limited to:

(a) Whether St. Joseph's unlawfully failed to pay overtime compensation to Named Plaintiff and members of the putative class in violation of and within the meaning of Wisconsin Statute § 103.03 and Wisconsin Administrative Code DWD § 274.03;

(b) Whether St. Joseph's unlawfully failed to pay minimum wages to Named Plaintiff and members of the putative class in violation and within the meaning of Wisconsin Statute § 104.02 and Wisconsin Administrative Code DWD § 274.03;

(c) Whether St. Joseph's unlawfully failed to pay Named Plaintiff and members of the putative class for "on duty" meal periods in violation and within the meaning of Wisconsin Statute § 104.02 and Wisconsin Administrative Code DWD § 272.04;

(d)  Whether St. Joseph's unlawfully failed to pay Named Plaintiff and members of the putative class for work actually performed during unpaid meal periods.

(e) The nature and amount of compensable work performed by Named Plaintiff and members of the putative class;

(f) Whether St. Joseph's employed Named Plaintiff and members of the putative class within the meaning of Wisconsin law; and

(g) The proper measure of damages sustained by Named Plaintiff and members of the putative class.

34.     Named Plaintiff's claims are typical of those of the Wisconsin Unpaid Wage Class.  Named Plaintiff, like other Wisconsin Unpaid Wage Class members, was subjected to Defendant's policies for unpaid meal periods, including requiring employees to be "on-duty" or "on-call" during such unpaid meal periods and failing to pay employees for work during those unpaid meal periods.

35.     Named Plaintiff will fairly and adequately protect the interests of the Wisconsin Unpaid Wage Class and has retained counsel experienced in complex wage and hour litigation.

36.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate defendant, particularly those with relatively small claims.

37.     Class certification of the First Claim for Relief is appropriate under Fed. R. Civ. P. 23(b)(3), because questions of law and fact common to the Wisconsin Unpaid Wage Class predominate over any questions affecting only individual members of the Wisconsin Unpaid Wage Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

38. Defendant's common and uniform policies and practices denied the Wisconsin Unpaid Wage Class the wages for work performed to which they are entitled. The damages suffered by the individual Wisconsin Unpaid Wage Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's pay practices.

39. Named Plaintiff intends to send notice to all members of the Wisconsin Unpaid Wage Class to the extent permitted or required by Rule 23.

## FIRST CLAIM FOR RELIEF:
## FAILURE TO PAY OVERTIME AND MINIMUM WAGE COMPENSATION IN VIOLATION OF THE FLSA

40. Named Plaintiff individually and on behalf of the Collective Class alleges and incorporates by reference the allegations in the preceding paragraphs.

41. Defendant is an employer within the meaning of 29 U.S.C. § 203(d).

42. Named Plaintiff and the members of the Collective Class are employees within the meaning of 29 U.S.C. § 203(e).

43. The FLSA requires each covered employer to compensate all nonexempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours per workweek.

44. The FLSA requires each covered employer to compensate all nonexempt employees at a rate not less than the federal minimum wage for all hours worked.

45. The FLSA requires each covered employer to compensate all nonexempt employees who are required to remain on call on the employer's premises or so close thereto

that they cannot use the time effectively for their own purposes.  29 C.F.R. § 785.17; *See also* 29 C.F.R. § 785.14.

46. During the applicable statute of limitations, Named Plaintiff and members of the Collective Class performed work for which they received less than the federal minimum wage, including time spent working during "on call" meal periods, and work performed during unpaid meal periods.

47. During the applicable statute of limitations, Named Plaintiff and members of the Collective Class performed work in excess of forty (40) hours per week without receiving overtime compensation, including, but not limited to, time spent working during "on call" meal periods and work performed during unpaid meal periods.

48. These practices violate the FLSA including but not limited to, 29 U.S.C. §§ 206, 207, and have caused, Named Plaintiff and members of the Collective Class to suffer wage losses.

49. Defendant knew or showed reckless disregard for the fact that they failed to pay Named Plaintiff and members of the Collective Class overtime and minimum wage compensation in violation of the FLSA.

## SECOND CLAIM FOR RELIEF:
## FAILURE TO PAY OVERTIME AND MINIMUM WAGE
## COMPENSATION IN VIOLATION OF WISCONSIN LAW

50. Named Plaintiff individually and on behalf of the Wisconsin Unpaid Wage Class alleges and incorporates by reference the allegations in the preceding paragraphs.

51. The foregoing conduct, as alleged, violates Wis. Stat. § 103.03, Wis. Stat. § 104.02, Wisconsin Administrative Code DWD § 274.03, and Wisconsin Administrative Code DWD § 272.03.

52. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of Wis. Stat. § 103.001 and Wis. Stat. § 104.01.

53. At all relevant times, Named Plaintiff and the putative Wisconsin Unpaid Wage Class members were employees within the meaning of Wis. Stat. § 103.001(5) and Wis. Stat. § 104.01(2).

54. Wisconsin Statute § 103.02 and Wisconsin Administrative Code DWD § 274.03 require an employer to pay overtime compensation to all non-exempt employees. Named Plaintiff and members of the putative Wisconsin Unpaid Wage Class are not exempt from overtime pay requirements under Wisconsin law.

55. Wisconsin Statute § 104.02 and Wisconsin Administrative Code DWD § 274.03 require an employer to pay employees at least the minimum wage prescribed by Wisconsin Administrative Code DWD § 274.03 for all hours worked.

56. Wisconsin Administrative Code requires employers to pay for any meal period where the employee is not free to leave the premises of the employer and which is considered an "on duty" meal period. DWD § 272.04(1)(c)

57. At all relevant times, Defendant had a policy and practice of failing and refusing to pay overtime wages to Named Plaintiff and the putative Wisconsin Unpaid Wage Class members for their hours worked in excess of forty (40) hours per workweek, including, but not limited to, time spent working during "on duty" meal periods and work performed during unpaid meal periods.

58. During the applicable statute of limitations, Named Plaintiff and members of the Collective Class performed work for which they received less than the Wisconsin minimum

wage, including time spent working during "on duty" meal periods and work performed during unpaid meal periods.

59. As a result of Defendant's willful failure to pay overtime due to Named Plaintiff and the putative Wisconsin Unpaid Wage Class members, Defendant has violated, and continue to violate, Wis. Stat. §§ 103.03, 104.03, 109.03, Wisconsin Administrative Code DWD § 274.03, Wisconsin Administrative Code DWD § 272.03, and Wisconsin Administrative Code DWD § 272.04.

60. Named Plaintiff on behalf of herself and members of the putative Wisconsin Unpaid Wage Class seeks recovery of attorneys' fees, costs, and expenses of this action to be paid by Defendant, as provided by Wis. Stat. § 109.03(6).

61. Named Plaintiff on behalf of herself and members of the putative Wisconsin Unpaid Wage Class seeks damages in the amount of the unpaid wages earned and due as provided by Wis. Stat. §§ 103.03, 104.03, and 109.03, and Wisconsin Administrative Code DWD §§ 274.03, 272.03, 272.04 and any penalties due under Wis. Stat. § 109.11, as well as such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.

**PRAYER FOR RELIEF**

**WHEREFORE**, Named Plaintiff demands the following relief:

A.   Issue notice to all similarly situated employees of St. Joseph's informing them of their right to file consents to join this action;

B.   Certify all of Named Plaintiff's federal claims as a Collective Action pursuant to Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b);

C.   Certify all of Named Plaintiff's state law claims under Wis. Stat. Ch. 109 as a class action pursuant to Fed R. Civ. P. 23;

D.   Award Named Plaintiff and all members of the Collective Class and Wisconsin Unpaid Wage Class, their unpaid regular hourly rate of pay for hours of work up

    to forty hours per week and their unpaid overtime rate of pay for all hours of work in excess of forty hours per week;

E. Award an additional amount under federal law as liquidated damages, equal to the amount awarded in ¶B of this prayer for relief pursuant to federal law;

F. Award an additional amount under Wisconsin state law in the amount of 50% of the amount of wages due and unpaid awarded in ¶B of this prayer for relief pursuant to state law;

G. Enter an order permanently enjoining and restraining Defendant from violating the provisions of Wisconsin state law and federal law;

H. Award Named Plaintiff's attorneys their reasonable fees and costs of this action; and

I. Grant all plaintiffs such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Named Plaintiff demands a trial by jury.

Dated this ____ day of July 2015.

      /s/ Nathan D. Eisenberg
      Nathan D. Eisenberg (SBN 1030555)
      nde@previant.com
      Erin F. Medeiros (SBN 1097910)
      efm@previant.com
      THE PREVIANT LAW FIRM, S.C.
      1555 N. RiverCenter Drive, S. 202
      P. O. Box 12993
      Milwaukee, WI 53212
      Tel: 414-271 4500
      Fax: 414-271 6308

      Gregory B. Gill, Sr. (SBN 1015838)
      gillsr@gillandgillsc.com
      Barry P. Gill (SBN 1089246)
      bpgill@gillandgillsc.com
      GILL & GILL, S.C.
      128 North Durkee Street
      Appleton, WI 54911
      Tel: 920-739-1107
      Fax: 920-739-3027

Attorneys for Plaintiffs